IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § CASE NUMBER 1:14-CR-74 (2) |
| v. | § |
| | § |
| | § |
| | § |
| ALTON WAYNE WALLACE | § |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed February 26, 2025, alleging that the Defendant, Alton Wayne Wallace, violated seven conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Wallace was sentenced on June 11, 2015, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of carjacking, a Class C felony. This offense carried a statutory maximum imprisonment term of 15 years. The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of III, was 97 to 121 months. Wallace was subsequently sentenced to 115 months' imprisonment and 3 years' supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug treatment program and a $100 special assessment fee.

-1-

## II.  The Period of Supervision

On February 16, 2023, Wallace completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the Amended Petition for Warrant for Offender Under Supervision raising seven allegations.  The petition alleges that Wallace violated the following conditions of release:

> Allegation 1. The defendant shall refrain from any unlawful use of a controlled substance.
>
> Allegation 2.  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
>
> Allegation 3. The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. The defendant shall pay any cost associated with treatment and testing.
>
> Allegation 4. The defendant shall notify the probation officer ten days prior to any change of residence or employment.
>
> Allegation 5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
>
> Allegation 6. The defendant shall not commit another federal, state, or local crime.
>
> Allegation 7. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

## IV.  Proceedings

On March 20, 2025, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant

violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the sixth allegation that claimed he committed another federal crime (in violation of 18 U.S.C. § 922(g) – Felon in Possession). In return, the parties agreed that he should serve a term of 12 months' imprisonment, with no supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by committing another federal crime, the

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

Defendant will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade B violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of III, the policy statement imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release. The Defendant's agreed upon revocation sentence shall run consecutively to the 63 months' imprisonment he is serving in case number 1:24-CR-40, United States District Court, Eastern District of Texas.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other

     corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a standard condition of release by committing another federal crime. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade B violation, and the criminal history category is III. The policy statement range in the Guidelines Manual is 8 to 14 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the

aforementioned statutory sentencing factors will best be served by a prison sentence of twelve (12) months, with no supervised release to follow.

## VII.  Recommendations

The court should find that the Defendant violated the sixth allegation in the petition that alleges he violated a standard condition of release by committing another federal crime. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 12 months' imprisonment, with no supervised release to follow.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 25th day of March, 2025.

_____
Zack Hawthorn
United States Magistrate Judge